**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5023**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

STEVEN THOMPSON,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, Chief District Judge. (5:09-cr-00373-FL-1)

Submitted: May 20, 2011           Decided: June 23, 2011

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Wayne Thompson pled guilty to health care fraud and was sentenced to fifty-eight months of imprisonment. He argues on appeal that the district court abused its discretion by departing upward, by the extent of the departure, and by failing to adequately explain the reasons for departing. We find no abuse of discretion and therefore affirm.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, the appellate court considers whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, the appeals court reviews the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variation from the Guidelines range." Gall, 552 U.S. at 51.

When reviewing a departure, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the

2

extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Under U.S. Sentencing Guidelines Manual § 4A1.3(a)(1) (2010), "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." Additionally, upward departures from the highest criminal history category, VI, are specifically contemplated by the Guidelines. USSG § 4A1.3, comment. (n.2(B)).

Here, the district court's decision to depart upwardly was reasonable. The district court found that, because of Thompson's repeated and numerous offenses of obtaining prescription pain medication by fraud, an upward departure was warranted based on an "increased risk of recidivism, [and] the need to protect the public." The court stated that Thompson's repeated conduct evidenced by his criminal history led her to believe that an 18 to 24 month sentence was insufficient to prevent Thompson from returning "to doing exactly what he's done for just about all of his life." The court therefore concluded that an upward departure was warranted to account for the seriousness of his criminal history and the likelihood that he would commit other crimes. Moving incrementally down the

3

sentencing table the court found that the 57 to 71 month range, at offense level 17, appropriately accounted for the seriousness of Thompson's criminal history and the likelihood of him committing other crimes. After hearing argument from the parties and considering the § 3553(a) factors, the district court sentenced him to 58 months imprisonment, an upward departure from the 18 to 24 month advisory Guidelines range. We conclude that the district court did not abuse its discretion in determining that a departure was warranted.

In addition, we conclude the extent of the district court's departure was reasonable. In determining the extent of a departure under USSG § 4A1.3, the district court must use an incremental approach. See USSG § 4A1.3(a)(4)(A); United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007). The incremental approach requires the district court to refer first to the next higher category and explain why it fails to reflect the seriousness of the defendant's record before considering a higher category. See United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992).

The court appropriately employed the methodology required by USSG § 4A1.3, p.s., for crafting an upward departure. Having found Thompson's offense level of 8 was inadequate, the district court "mov[ed] incrementally down the sentencing table to the next higher offense level in Criminal

4

History Category VI until it [found] a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B), p.s. The district court specifically found that offense levels 9 through 16 were not adequate to reflect the seriousness of the defendant's criminal history or the likelihood that he will commit future crimes.

We conclude the district court's decision to depart under § 4A1.3 was factually supported and that the resulting sentence was reasonable. Moreover, the court adequately explained its reasons for the departure. We therefore affirm Thompson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED